Asa Knight, appellee, *vs*. John Priest and Martha, his wife, appellants.

That an action lies upon a note given by the father to the mother of a bastard child, on a settlement of a prosecution in her behalf.

That it is no defence to such note, that the father has since been compelled, by a prosecution of the overseers, to give bonds to the town, to indemnify against the support of such child, the mother having always supported such child from its birth.

This was an action brought upon one of four promissory notes, of twenty-five dollars each, executed by *Arad Radway*, as prin-cipal, and said *Martha*, while sole, as surety. The cause was tri-ed in the county court, on the following statement of facts agreed to by the parties :

WINDHAM, *February*, 1830.

Knight *vs.* Priest et ux.

That on the first day of June, 1822, *Arad Radway*, one of the signers of the note in question, was arrested on the complaint of *Nabby Joy*, the payee of said note, charging him with having begotten her with child; and thereupon the said notes were given as appears by the deposition of *Metcalf*, (which was agreed to be made a part of the case)—That at the time of executing the notes, *Radway* paid the said *Nabby* ten dollars, and had since paid her one of the notes--That afterwards, on the 15th day of June, 1822, *Radway* was arrested on the complaint of the overseers of the poor of the town of *Putney*, in which town the said *Nabby* had her legal settlement; and on that occasion, *Radway*, as principal, and the said *Martha*, as surety, executed a bond to indemnify the town of *Putney* from the support of said bastard child. The defendants had intermarried since the execution of the notes, and the notes had been endorsed to the plaintiff. The child was born on the first day of May, 1822, and the mother had since supported the child.

The county court rendered judgement for the plaintiff, and the case was reserved for the opinion of the Supreme Court.

*Argument for the defendants.*—1. The defendants contend that if the decision of *Haven* vs. *Hobbs*, 1 *Vt. Rep.* 241, is to be maintained, the notes were good only as an indemnity, and, therefore, would be no further collected than expenses had been incurred; and that these expenses must be shewn by the plaintiff. ———* *Dig. p.* 88, *pl.* 13, and the authorities there cited under the same head.

2. That if the note might otherwise have been good, it is avoided by the failure of consideration, which in this case must have included an indemnity from the town.—*Stat. p.* 368.—1 *Vt. Rep. Haven* vs. *Hobbs*, 244.

3. That the note was taken while the putative father was under *duress.*—1 *Camp.* 396, *Townson* vs. *Wilson.*

It is also to be observed, that in the case of *Haven* vs. *Hobbs*, much stress is laid on the circumstance that the money is to be paid *for the assistance of the mother* in supporting the child. That there is no difference as to liability to support in this state and in *England*, will appear by comparing *Burns' J. P.* 184, 187, where the statutes, 18 *Eliz. c.* 3, and 6 *G. II. c.* 31 are recited.—3 *Esp. N. P.*—6 *East*, 110, *Cole et al.* vs. *Gower et al.*

*Argument for the plaintiff.*—Had the notes been given without any complaint, they would have been valid upon the grounds of reparation for the injury past of which the father was the au-

* This authority is not legible in the manuscript.—*Ed.*

WINDHAM,
*February*,
1830.

Knight
*vs.*
Priest et ux.

thor, and of contribution to the necessary expense in taking care of the child. By the law of nature, parents are bound to support their own offspring ; and the obligation is as forcible whether the children be illegitimate, or the issue of lawful wedlock ; and our statute on this subject, passed to oblige them, especialy the father, to do this, does no more than to enforce the law of nature. The object of the complaint by the mother is, to compel the father to contribute to the support of the child. His obligation to support the child is as strong as the mother's. If proof could be made of the fact of one's being the father, other than by the complaint of the mother under oath, as by the confession or general conduct of the father, the mother could, upon the principles of the *common law*, sue the father for contribution towards the maintenance of the child.—See *Dane's Ab. vol. 2. p. 521*, &c. It must be presumed that *Arad Radway* was the father, as he was so charged under oath, and he has never attempted to contest the fact. When the mother stopped her complaint upon receiving the notes, she had sustained an injury in her person and character, incurred expenses in taking care of the child, in making the complaint and procuring the warrant, was liable to the future support of the child ; and has in fact ever since maintained it. A more valid and equitable consideration of a note can hardly be presented.

The note is not void on account of *duress*. There was no *duress* ; for there was a good cause of complaint or action, and the complaint and arrest were regularly made in the due course of law. A bond is valid when made by one in custody, when it is for good cause, and after arrest in due form.—1 *Esp*. 185.— *Bul. N. P.* 172.—5 *Dane*, 166. But if the father, *Arad Radway*, was under *duress* when he gave the note, the note is void only as to him, and not as to the surety, *Martha*, who is the only party sued. The present defendants, therefore, cannot make the plea of *duress*.—*Hascombe* vs. *Standing, Cro. James*, 187. —*Cowp*. 47.—5 *Dane*, 166.

The note cannot be avoided on the ground of *turpis causa*. A woman is permitted to maintain her action for breach of promise and getting her with child, although a *particeps criminis*. When there is no issue, a bond or promise to pay the woman in consideration of illicit intercourse or co-habitation *previously had*, is good : it is to make reparation for an injury done. But if given upon consideration of *future* co-habitation, to induce future prostitution, it is void.—1 *Will*. 517, *Walker* vs. *Perkins*.—2 *Wils*. 339, *Turner* vs. *Vaughan*. In the case of *Haven* vs. *Hobbs*, 1 *Ver. Rep.* 238, it is decided, " that the discharge, by the moth-

WINDHAM,
*February,*
1830.

Knight
*vs.*
Priest et ux.

" er of an illegitimate child, of a prosecution instituted by her, is
" a good consideration for a note executed by the father." The
bond which was given by *Radway*, after the execution of the
notes, upon the complaint of the overseers of the poor, was merely
to indemnify the town. The bond is no payment of the notes,
no accord and satisfaction, no release or discharge, in any form,
of the rights previously acquired by the mother.

HUTCHINSON, J. after stating the case, pronounced the opin-
ion of the court.—The defence urged in the present case is, that
there was no consideration for this note ; that the defendant has
been compelled to give bonds to indemnify the town just as if
these several notes had not been given, nor any settlement made
with the mother. The defendants first contend, that the mother
had no right to prosecute, till the town had neglected to prose-
cute. Upon this point the court consider, that the note estab-
lishes the plaintiff's right of recovery, till avoided by the defend-
ants' proof. It rests upon the defendants to show, that she was so
destitute of right to prosecute, that her proceedings were void.
This does not appear. The statute then in force, to be sure,
only gives the right to the mother upon failure of the overseers of
the poor. When she prosecuted, *Radway* might have raised that
question, by a plea in abatement, or motion to quash ; but his set-
tling seems a waiver of this. If not, her prosecution was about a
month after the birth of the child, and it does not appear when she
first made oath upon the subject ; and that she might have done
before the birth, and the overseers might have known it. And
there might be just grounds to suspect that *Radway* was about
to abscond ; when a very short delay on the part of the town
would have authorized a prosecution by the woman. This point,
therefore, depends upon several things concerning which there is
no testimony ; and the *onus probandi* being on the defendants, they
would fail in this, were it important to their defence in point of
principle. There is no view presented that shows any illegality
of the process, to give to the transaction the character of duress,
as the defendants have urged.

2d. It is urged, that the mother, on the settlement with her, a-
greed that *Radway* should be prosecuted no further ; and, as he
was prosecuted by the town, and compelled to give bonds, this
consideration has failed. When we compare together all parts
of this case, we cannot but see, that the mother must have meant,
and *Radway* understood her to mean, the ceasing to prosecute her
complaint, and not warranting against any prosecution by the
town. She could not controul any such suit ; and it would re-

WINDHAM.
February,
1830.

Knight
vs.
Priest et ux.

quire an express contract of indemnity to render her responsible, that there should be none ; and more especially, to render her notes void, and her settlement of no use to her, without her receiving any benefit from such prosecution by the town.

The defendants' counsel compare this to the cases cited by them, where notes are taken to the overseers of the poor, on a settlement made with them, and the bastard child died in infancy. In those cases the note was not adjudged void, but was treated as an indemnity. And surely the overseers had no right, as such, to take any security but what would operate as an indemnity. But the case is not precisely so with the mother. She may have equitable claims which the overseers could never have.

But, if we should treat the securities taken on this settlement as an indemnity only, it would form no defence to this note. It appears from the case agreed to, and the deposition therein referred to, that, upon that settlement, *Radway* paid ten dollars and gave four notes of $25 each, payable at different periods, and that this is the note secondly payable : and the first note and ten dollars is all we have a right to presume paid : and the case shows, that the mother has ever supported the child. This support must have exceeded the $35 dollars thus paid, and the mother must be equitably entitled to have this note paid also. Moreover, the mother's support of the child these almost eight years, is a saving of the defendants harmless from the very bond to the town, which they say is given. The trouble of giving the bond to the town is all the expenditure shown, which has not thus far been paid by the mother : and if we treat this bond as the defendants' debt, the mother must have paid for the defendants on that bond more than all the amount paid and secured to her on settlement with *Radway*. The showing of the defendants does not impeach the consideration of the note.

The judgment of the county court is affirmed.

*Bradley*, for the defendants.

*John Phelps*, for the plaintiff.